USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORY HOLLAND SR. aka "KING,"

Plaintiff,

-against-

LIONSGATE ENTERTAINMENT AND FILMS, et al.,

Defendants.

21 Civ. 2944 (AT)

**ORDER OF SERVICE**

ANALISA TORRES, United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants defamed him and placed him a false light. The Court exercises subject matter jurisdiction over Plaintiff's claims under the diversity of citizenship statute, 28 U.S.C. § 1332.

By order dated April 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). As set forth below, the Court directs service on Defendants Lionsgate, Curtis Jackson, Starz Inc., and Courtney A. Kemp.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Lionsgate, Jackson, Starz, and Kemp through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issues summonses, complete the USM-285 forms for Lionsgate, Jackson, Starz, and Kemp, and deliver all documents necessary to effect

service to the U.S. Marshals Service.

SO ORDERED.

Dated: April 29, 2021
         New York, New York

_____
ANALISA TORRES
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Lionsgate
   2700 Colorado Avenue
   Santa Monica, CA 90404

2. Curtis Jackson
   264 W. 40th St., Fl. 15
   New York, NY 10018

3. Starz Inc
   8900 Liberty Circle
   Englewood, CO 80112

4. Courtney A. Kemp
   8900 Liberty Circle
   Englewood, CO 80112