```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CORY DARNELL HOLLAND, SR.,

                        Plaintiff,

              -against-                              21 Civ. 2944 (AT)

LIONS GATE ENTERTAINMENT CORP.,                     ORDER
CURTIS JACKSON, STARZ ENTERTAINMENT
GROUP, LLC., and COURTNEY A. KEMP,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/11/2022

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Cory Holland Sr., brings this action against Defendants Lions Gate Entertainment Corp., Curtis Jackson, Starz Entertainment LLC, and Courtney A. Kemp, alleging intentional infliction of emotional distress, defamation, invasion of privacy, and "theft of life story." Amend. Compl., ECF No. 26. Defendants move to dismiss the amended complaint. Defs. Mot., ECF No. 27. After the motion was briefed, Plaintiff moved to amend his complaint and for an emergency hearing. ECF Nos. 34, 42, 45. Defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's motion to amend is GRANTED, and Plaintiff's motion for an emergency hearing is DENIED.

## BACKGROUND[1]

Plaintiff contends that the television show *Power*, an after-show called *Power Confidential*, and a spin-off show called *Power Book II* (collectively, the "*Power* Series"), are based on his life. Amend. Compl. at 5–6; Pl. Opp. at 16, ECF No. 37. He alleges that the creator of the *Power* Series, Courtney A. Kemp, gained access to a compact disc and written materials Plaintiff sent to Kemp's father, Herbert Kemp Jr., in 2007 as part of Plaintiff's search for investors to fund his

---

[1] The following facts are taken from the amended complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015). Further, because Plaintiff is *pro se*, the Court also considers the facts in the opposition brief. *Sommersett v. City of New York*, No. 09 Civ. 5916, 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011).

plans for business "opportunities and [the] sale[] of certain products" (the "Investment Package").[2] Amend. Compl. at 5.  Plaintiff states that the *Power* Series pulls extensively from his life story as told in the Investment Package.  *See id.*; Pl. Opp. at 5–7, 9, 13–17, 19, 21–25, 27, 29–30, 32, 40.  However, Plaintiff also alleges that the *Power* Series incorporates events in his life that occurred after Plaintiff sent the Investment Package to Kemp's father.  *See*, *e.g.*, Pl. Opp. at 24 (stating "[o]ther real life events not in [the I]nvestment [P]ackage" were featured on *Power*).  Plaintiff asserts that the lead character, Jamie "Ghost" St. Patrick, is based on Plaintiff's life as a drug kingpin, and St. Patrick's son, Tariq, is based on Plaintiff's life as a teen and young adult.  Amend. Compl. at 5; *see also* Pl. Opp. 42–44 (listing similarities between himself and the characters).  He contends that although the characters are based on him, Defendants made them "psychopathic murder[ers]," which Plaintiff states he is not, *see* Pl. Opp. at 8, and that this aspect of the characters defamed him.  Amend. Compl. at 5; *see also, e.g.*, Pl. Opp. 7–9, 14, 17.  Plaintiff states that people in his life have approached him with questions based on their belief that *Power* was about him.  *See, e.g.*, Pl. Opp. at 7, 17, 26, 38.  For example, he alleges that relatives of members of his former criminal organization have asked Plaintiff whether he killed their real family members as depicted in *Power*.  *Id.* at 17.  He further claims that as a result of *Power*, law enforcement officials have begun to investigate him.  *Id.* at 38.

On April 6, 2021, Plaintiff filed a complaint alleging "extreme emotional distress, theft of identity, [and] defamation."  ECF No. 2 at 6.  On August 3, 2021, Defendants moved to dismiss the complaint.  ECF No. 19.  Two days later, Plaintiff filed an amended complaint, Amend. Compl., which Defendants moved to dismiss on August 18, 2021.  Defs. Mot.  On September 16, 2021, Plaintiff filed a letter requesting an emergency hearing.  ECF No. 34.  On October 7, 2021,

---

[2] Plaintiff claims that he sent this "package to around 200 Investors."  Amend. Compl. at 5.

Plaintiff moved to amend his complaint again. ECF No. 42; *see also* ECF No. 45. On March 31, 2022, after the motions to dismiss and amend were fully briefed, the Court issued an order requiring Defendants to file a letter detailing the citizenship of each defendant as well as the members of Defendant Starz Entertainment, LLC, so that the Court could ensure it had subject matter jurisdiction. ECF No. 56. The Court further ordered the case stayed pending the Court's determination as to whether it has subject matter jurisdiction over this action. *Id.* On April 6, 2022, Defendants filed a letter articulating the citizenship of each defendant and the members of Starz Entertainment, LLC. ECF No. 57. The Court, having reviewed the letter, concludes that there is complete diversity, and the amount in controversy is sufficient for the Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, the Court shall now resolve the pending motions in this case. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

## DISCUSSION

I. Choice of Law

First, the Court must determine which state's law to apply to the causes of action. "[A] federal court sitting in diversity must apply the conflict-of-laws rules of the state in which the federal court sits." *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002). Therefore, New York's choice-of-law rules govern the Court's decision as to which state's law to apply to Plaintiff's claims. Defendants apply New York law in their memorandum of law. *See generally* Defs. Mem., ECF No. 28. Plaintiff does not claim that a different state's law should apply. *See generally* Pl. Opp. Further, Plaintiff asserts in his amended complaint that New York law applies to this case. Amend. Compl. at 5. Thus, the Court assumes that he intended to plead New York law claims. Accordingly, the Court shall apply New York law. *See SNS Bank, N.V. v. Citibank,*

3

*N.A.*, 777 N.Y.S.2d 62, 64 (N.Y. App. Div. 1st Dep't 2004).

II.  Defendants' Motion

   A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.  The Court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Additionally, because Plaintiff proceeds *pro se*, the Court is obligated to construe his submissions "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted).  And, on a motion to dismiss, the Court may appropriately consider a *pro se* plaintiff's opposition papers to "supplement or clarify" the allegations in their complaint. *Sommersett*, 2011 WL 2565301, at *3 (citation omitted).

   B. Defamation

Defendants argue that Plaintiff's defamation claim is time-barred and fails to state a claim.

   1. *Timeliness*

Under New York law, the statute of limitations for defamation is one year from "the date

4

the offending material is first published." *Nussenzweig v. diCorcia*, 878 N.E.2d 589, 590 (N.Y. 2007); N.Y. C.P.L.R. § 215(3). Defendants contend that because the last season of *Power* ended on February 9, 2020, more than a year before the complaint was filed on April 6, 2021, all claims related to *Power* are time-barred. Defs. Mem. at 2, 4, 17–18. They further argue that the statute of limitations should not be tolled due to Plaintiff's February 14, 2018 car accident. *Id.* at 18–20. Defendant does not make any arguments as to timeliness regarding *Power Book II*. *See generally* Defs. Mem.; Defs. Reply, ECF No. 39. The Court shall only address the timeliness of *Power* and *Power Confidential*.

First, the Court finds that claims related to episodes that aired before February 14, 2017, are time-barred because the one-year statute of limitations ran on those claims before Plaintiff's accident. Next, the Court shall consider the impact of Executive Order 202.8, which tolled the statute of limitations in New York in light of the COVID-19 pandemic (the "Executive Order"). 9 N.Y.C.R.R. § 8.202.8. Subsequent orders extended the tolling period until November 3, 2020. Exec. Order 202.67 (Oct. 4, 2020). Courts in this district have uniformly concluded that Executive Order 202.8 applies to federal cases applying New York's statute of limitations, including those claims at issue here. *See, e.g.*, *Lewis v. Westchester Cnty.*, No. 20 Civ. 9017, 2021 WL 3932626, at *2 n.3 (S.D.N.Y. Sept. 2, 2021). The Court concludes, therefore, that Executive Order 202.8 tolls the statute of limitations for Plaintiff's claims, which apply New York's one-year limitations period. Executive Order 202.8 tolled applicable limitations periods from March 20, 2020, to November 3, 2020. The order amounted to a "pause" in the limitations period—that is, "during the duration of the toll, the clock to file [did] not run," but "[o]nce the toll end[ed], the clock resume[d] from where it was when the toll began, and the plaintiff ha[d] the rest of his limitations period to file his complaint." *Johnston v. City of Syracuse*, No. 20 Civ. 1497, 2021 WL 3930703,

at *6 (N.D.N.Y. Sept. 2, 2021). Plaintiff filed this action on April 6, 2021, 154 days after November 3, 2020, when the Executive Order tolling period expired. Therefore, claims relating to any episode that first aired on or after August 22, 2019, or 211 days before the start of the tolling period on March 20, 2020, are timely.

Finally, the Court need not address the equitable tolling and timeliness of the remaining episodes because Plaintiff has failed to state a claim as to seasons four through five of *Power* and *Power Confidential*, except the finale episodes, and all of *Power Book II*. *See infra* at § II.B.2. The Court takes no view on the equitable tolling and timeliness arguments.

2. *Adequacy of Pleading*

Defendants contend that Plaintiff has failed to state a claim for defamation. *See generally* Defs. Mem. Defamation is the injury to one's reputation by either written or oral expression. *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000). Under New York law, in order to state a claim for defamation, a plaintiff must establish: (1) a defamatory statement of fact concerning the plaintiff; (2) publication to a third party; (3) fault on the part of the defendant; (4) falsity of the defamatory statement; and (5) either special damages or *per se* actionability. *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 456 (S.D.N.Y. 2012) (citing *Celle v. Filipino Rptr. Enters., Inc.*, 209 F.3d 163, 176 (2d Cir. 2000)).[3] The plaintiff must demonstrate that the defamatory statement is "of and concerning" him. *Springer v. Viking Press*, 458 N.E.2d 1256, 1257 (N.Y. 1983). "The 'of and concerning' element . . . requires that the allegedly defamatory comment refer to the plaintiff." *Brady v. Ottaway Newspapers, Inc.*, 445 N.Y.S.2d 786, 788 (N.Y. App. Div. 2d Dep't

---

[3] Defendants correctly note that "[i]t makes no legal difference whether [] Kemp . . . heard about Plaintiff's story . . . , listened to his [compact disc] . . . , read about Plaintiff in newspapers . . . or [] never heard of him at all." Defs. Mem. at 11 n.6. The Court agrees that the elements of a defamation claim under New York law do not require a plaintiff to allege how a defendant came to know about him, only that the statements concern him. *See Biro*, 883 F. Supp. 2d at 456. Therefore, Plaintiff's allegations related to the Investment Package are not relevant to resolving the motion to dismiss.

1981) (citing *Julian v. Am. Bus. Consultants, Inc.*, 137 N.E.2d 1 (N.Y. 1956)). "The Court must determine whether, upon [hearing] the statements, it would be clear that the plaintiff was the target of the allegedly libelous statement to those who know him." *Chau v. Lewis*, 935 F. Supp. 2d 644, 664 (S.D.N.Y. 2013). A plaintiff may meet this burden by pleading that someone who "know[s] the real person[] would have no difficulty linking" them to the fictional character. *Springer v. Viking Press*, 457 N.Y.S.2d 246, 249 (N.Y. App. Div. 1st Dep't 1982), *aff'd* 458 N.E.2d 1256; *see also Elias v. Rolling Stone LLC*, 872 F.3d 97, 104–05 (2d Cir. 2017).

Defendants argue that Plaintiff has failed to state a claim because he has not sufficiently alleged the *Power* Series is of and concerning him and does not address the other elements of the cause of action.[4] *See* Defs. Mem. at 9–14; Defs. Reply at 3–10. The Court disagrees. Plaintiff has sufficiently pleaded that the *Power* Series is "of and concerning" him such that his defamation case as to the character of "Ghost" survives the motion to dismiss. Plaintiff states that he was known as "Ghost," the same street name used by one of the characters he claims was used to defame him in the *Power* Series. Amend. Compl. at 5. He further alleges that people he knows have approached him with questions because of *Power*. *See, e.g.*, Pl. Opp. at 7, 17, 26, 38. For example, he claims that family of members of his former criminal organization have asked Plaintiff

---

[4] Defendants also argue that Plaintiff is defamation-proof. Defs. Reply at 7–10. The Court disagrees. The law of this Circuit requires that "a plaintiff's reputation with respect to a specific subject may be so badly tarnished that he cannot be further injured by allegedly false statements on that subject." *Guccione v. Hustler Mag., Inc.*, 800 F.2d 298, 303 (2d Cir. 1986). The Second Circuit has cautioned that the libel-proof plaintiff doctrine is to be sparingly applied, as it is unlikely that many plaintiffs will have such tarnished reputations that their reputations cannot sustain further damage. *See Buckley v. Littell*, 539 F.2d 882, 889 (2d Cir. 1976). Here, Defendants contend that because Plaintiff is admittedly a former drug lord who shot at people and engaged in violent behavior, even if the *Power* Series was based on him, he could not be harmed by any allegedly false statements about him. Defs. Reply at 9–10. The Court finds that murder is not the same "specific subject" as non-lethal violence and drug dealing and, therefore, Plaintiff could be harmed by false statements accusing him of murder. *Cf. Liberty Lobby, Inc. v. Anderson*, 746 F.2d 1563, 1568 (D.C. Cir. 1984), *rev'd on other grounds,* 477 U.S. 242 (1986) ("It is shameful that Benedict Arnold was a traitor; but he was not a shoplifter to boot, and one should not have been able to make that charge while knowing its falsity with impunity.").

whether he killed their real family members as depicted in *Power*. *Id.* at 17. This is sufficient under the New York standard to find that a person who knows the plaintiff "would have no difficulty linking" them to the fictional character. *Springer*, 457 N.Y.S.2d at 249. However, even reading the pleading and opposition liberally, as the Court must, given Plaintiff's *pro se* status, Plaintiff has not alleged that people who know him believe he is Tariq. Therefore, Plaintiff cannot sustain a claim for defamation based on the Tariq character.

Further, Plaintiff has failed to plead that there were defamatory statements related to "Ghost" in seasons four through six of *Power* and *Power Confidential*, with the exception of the finale. *See generally* Pl. Opp. Although Plaintiff contends that the seasons mirror his own life, he does not claim that in those seasons defamatory statements were made against him in connection with the character "Ghost." *Id.* Because alleging defamatory statements is an element of a defamation claim, Plaintiff fails to state a cause of action for these seasons. And, he does not make any allegations as to defamation related to "Ghost" in *Power Book II*, *see generally* Amend. Compl.; Pl. Opp., so he cannot sustain a claim that he was defamed by *Power Book II*. However, Plaintiff has alleged that he was defamed by statements made by "Ghost" in the finale, and about "Ghost" in the episode of *Power Confidential* following the finale. Pl. Opp. at 16–17.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's defamation claim, except as to the finale episodes of *Power* and *Power Confidential*. The claims relating to seasons one through three of both shows are DISMISSED with prejudice because the Court has found that they are time-barred. The claims related to *Power Book II* are DISMISSED without prejudice.

### C. Intentional Infliction of Emotional Distress

Plaintiff alleges that Defendants' actions caused him emotional distress. Amend. Compl.

8

at 6.  Plaintiff supports this claim with the same facts that underlie his defamation claim.  *Id.* at 5–6.  Under New York law, his claim for intentional infliction of emotional distress fails as a matter of law because it is duplicative of his defamation cause of action.  *Cummings v. City of New York*, 19 Civ. 7723, 2020 WL 882335, at *27 (S.D.N.Y. Feb. 24, 2020).  Accordingly, Defendants' motion to dismiss the intentional infliction of emotional distress cause of action is GRANTED.  Further, because Plaintiff's intentional infliction of emotional distress claim fails as a matter of law, the Court shall DISMISS the cause of action with prejudice.

        D.  Invasion of Privacy

Plaintiff further claims Defendants invaded his privacy and committed "theft of life story."  Amend. Compl. at 6.  The Court finds that the "theft of life story" claim is akin to a common-law right of privacy, and will therefore analyze the invasion of privacy and "theft of life story" causes of action together.  New York "does not recognize a common-law right of privacy and provides a statutory remedy only for the commercial use of a living person's name, portrait, picture, or voice without their consent."  *Barbash v. STX Fin., LLC*, No. 20 Civ. 123, 2020 WL 6586155, at *2 (S.D.N.Y. Nov. 10, 2020) (citation omitted); *see also* N.Y.C.R.L. § 50.  The commercial use must be advertising or trade.  N.Y.C.R.L. § 50.  Even if the Court considers the use of "Ghost" to be the use of Plaintiff's name, the claim fails because Defendants did not use the name in advertising or trade.  *See Costanza v. Seinfeld*, 719 N.Y.S.2d 29, 30 (N.Y. App. Div. 1st Dep't 2001) ("[W]orks of fiction do not fall within the narrow scope of the statutory definitions of 'advertising' or 'trade.'" (citation omitted)).  Accordingly, Defendants' motion to dismiss the invasion of privacy and "theft of life story" claims is GRANTED.  Further, because fictional works cannot fall within the statutory requirements of N.Y.C.R.L. § 50, the Court shall DISMISS the causes of action with prejudice.

III.    Plaintiff's Motions

Plaintiff has moved to amend his complaint.[5]  ECF Nos. 42, 45.  In general, a court should grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42–43 (2d Cir. 1988); *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011).  The Court shall permit Plaintiff to amend his complaint to include the relevant facts related to the finale episodes of *Power* and *Power Confidential* included in his memorandum in opposition.  Accordingly, the Court GRANTS Plaintiff's request to file an amended complaint.  By **November 1, 2022**, Plaintiff shall file an amended complaint within the limits outlined above.

The Court shall also permit Plaintiff to move to amend the complaint to add facts related to seasons four through six of *Power* and *Power Confidential*, and all of *Power Book II*.  As noted above, the Court has not ruled on the propriety of equitable tolling in this case, which may preclude claims as to seasons four and five of *Power* and *Power Confidential*.  Further, the Court has dismissed with prejudice the defamation claim as to seasons one through three of *Power* and *Power Confidential*, the intentional infliction of emotional distress cause of action, and the invasion of privacy and "theft of life story" claims.  Plaintiff cannot amend the complaint as to those claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED as to the defamation claim for the Tariq character, *Power Book II*, and *Power* and *Power Confidential* except the finale episodes, the intentional infliction of emotional distress claim, and the invasion of privacy claim, and DENIED as to the finale episodes of *Power* and *Power Confidential*.  The

---

[5] Plaintiff filed a letter, styled as a motion, informing the Court that he believed he was "being threatened." ECF No. 34 at 3.  His request for an emergency hearing to address the alleged threats is DENIED.

10

defamation claim as to seasons one through three of *Power* and *Power Confidential*, the intentional infliction of emotional distress cause of action, and the invasion of privacy and "theft of life story" claims are DISMISSED with prejudice.  Plaintiff's motion to amend is GRANTED, and Plaintiff's motion for an emergency hearing is DENIED.  By **November 1, 2022**, he shall file an amended complaint.

The Clerk of Court is directed to UNSTAY the case, mail a copy of this order to Plaintiff *pro se*, and terminate the pending motions at ECF Nos. 19, 27, 34, and 42.

SO ORDERED.

Dated: October 11, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge