UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

CORY DARNELL HOLLAND, SR.

        Plaintiff,

        -against-

LIONS GATE ENTERTAINMENT CORPORATION,
CURTIS JACKSON, STARZ ENTERTAINMENT
GROUP, LLC, and COURTNEY A. KEMP

        Defendants,

———————————————————————X

Case No.: 21-CV-2944
(AT)(JLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/19/23

**STIPULATED PROTECTIVE ORDER**

Defendants Lions Gate Entertainment Corporation, Starz Entertainment Group, LLC, Curtis Jackson, and Courtney A. Kemp (collectively, "Defendants") and plaintiff Cory Darnell Holland, Sr. ("Plaintiff") have agreed to enter into this agreement regarding how they will share and protect confidential information in the lawsuit *Holland v. Lions Gate Entertainment Corporation et al.*, Case No.: 21-CV-2944 (AT)(JLC) (the "Lawsuit"). This agreement will sometimes refer to Plaintiff or a Defendant as a "Party" or to the Plaintiff and Defendants together as the "Parties."

The Parties agree to the following:

1. The term "Confidential Material" used in this agreement means all documents, information, and/or material that contains confidential or sensitive financial, business, commercial, or personal information, which has been designated as Confidential Material in one of these ways:

    a. Documents and things (e.g. CDs or DVDs) are to be labeled "CONFIDENTIAL" either with a label on the physical thing or a label in the filename or at the very top or the very bottom (e.g., in the "header" or "footer") of an electronic document. If it is difficult for Plaintiff to label documents as "CONFIDENTIAL" because of his disabilities or the limitations of his electronic devices, he can inform Defendants by email which documents or pages should be treated as Confidential Material, and Defendants will label those documents or pages appropriately.

    b. Information in depositions (including exhibits) are to be identified as Confidential Material either (1) orally on the record while the deposition is being taken, or (2) within fourteen (14) days after receiving the written copy of the deposition transcript (the "Deposition Transcript"), by sending an email identifying the portions of the Deposition Transcript (e.g., pages and line numbers) that contain Confidential Material. Until 14 days have passed after

1

receiving the Deposition Transcript, the Parties agree to treat the entire transcript as Confidential Material.

2. A Party who receives another Party's Confidential Material is permitted to use those Confidential Materials **only** for this Lawsuit and **only**: (1) to review discovery material produced by another Party; (2) to prepare discovery requests, take depositions, or to use as a deposition exhibit; (3) to prepare a motion or a request with the Court, or as an exhibit filed with the Court (as long as the Party complies with the restrictions in paragraph 5 below); or (4) for trial preparation or as a trial exhibit in this Lawsuit. Confidential Material cannot be used for anything else. For example, the Parties cannot use Confidential Material for their own business or personal use; they cannot share Confidential Material with friends or family; they cannot share Confidential Material with news reporters, bloggers, or the media; and they cannot post anything on social media regarding the Confidential Material.

3. Confidential Material may be shown to and used only by:

    a. Plaintiff and Defendants.

    b. The attorneys representing Defendants, and the attorney(s) representing Plaintiff, if he hires an attorney or one is appointed for him.

    c. The Court and court personnel.

    d. If Confidential Material is used during a deposition, the person whose deposition is being taken and the court reporter and/or videographer.

    e. Witnesses at trial.

    f. Experts of the Parties.

4. If a Party receives information or a thing designated as Confidential Material and does not believe that it should have been designated as Confidential Material, the Party must send

an email objecting to the designation. The Parties must discuss the dispute, and if they cannot agree on how to treat the material, they must bring the dispute to the Magistrate Judge. The disputed documents must be treated as Confidential Material unless and until the Magistrate Judge rules that it is not Confidential Material.

5. ~~Any Confidential Material filed with or otherwise provided to the Court for any purpose other than at trial must be filed "under seal." That means that the Confidential Material cannot be filed electronically the same as regular filings and must be provided to the Court in a sealed envelope, labeled with the title of this Lawsuit and the following statement:~~

~~CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER. This envelope contains materials filed [or lodged] under seal for the purpose of this litigation only. It shall not be opened by a person other than the Court except by Court Order or by written agreement by all Parties.~~

[handwritten: SEE BELOW *]

6. If this Lawsuit goes to trial, all information that is designated as Confidential Material and is used at the trial will become public unless a Party shows, before the trial begins, good cause to the Court that the information should be sealed and the Court makes such a ruling.

7. If a Party mistakenly fails to designate information and/or documents as Confidential Material at the time it is produced to the other Party, this mistake may be fixed by written notice sent by email clearly identifying the material. If written notice is given that certain information and/or documents should have been designated as Confidential Material, from that point on, the identified materials will be treated as Confidential Material, but there will not be any sanction or penalty for any use of that material prior to the designation.

8. If at any time a Party is served with a subpoena or a court order requiring the production of the Confidential Material (for example, in another lawsuit), the Party must send written notice to the Party that designated the material as confidential before providing the Confidential Material to anyone.

3

9. If a Party violates this agreement, the Parties agree that the designating Party may request injunctive or other provisional relief in order to protect the Confidential Material.

10. Within thirty (30) days after this Lawsuit is resolved, all Confidential Material shall be returned to the designating Party and/or their attorneys or destroyed. If the Confidential Material is destroyed, the Party disposing of the Confidential Material must certify in writing and under oath that he or it destroyed the material. The end of the Litigation shall not excuse the Parties from following the promises and instructions in this agreement. The Parties must continue to follow this agreement.

Date: January 19, 2023    /s/ Cory Darnell Holland, Sr.
Plaintiff Cory Darnell Holland, Sr.

Date: January 19, 2023    /s/ David Halberstadter
David Halberstadter, Counsel for Defendants

\* For any submission of confidential material to the Court, the parties are directed to comply with Judge Torres' Individual Rule IV. A. and/or Judge Cott's Individual Rule II. G. (depending to whom the application is being made). These rules relate to submission of materials that the parties wish to file under seal and explains the process for doing so.

## **ORDER**

Good cause appearing for the entry of the above Stipulated Protective Order, IT IS HEREBY ORDERED that the Parties will abide by the terms set forth above.

Dated: JANUARY 19, 2023
NEW YORK, NY

_____
United States Magistrate Judge