```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/12/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORY DARNELL HOLLAND, SR.,

                Plaintiff,

-against-                    21 Civ. 2944 (AT)

LIONS GATE ENTERTAINMENT CORP.,
CURTIS JACKSON, STARZ ENTERTAINMENT    **ORDER**
GROUP, LLC., and COURTNEY A. KEMP,

                Defendants.

ANALISA TORRES, District Judge:

       Plaintiff *pro se*, Cory Holland Sr., brings this action against Defendants Lions Gate Entertainment Corp., Curtis Jackson, Starz Entertainment Group LLC, and Courtney A. Kemp, alleging, *inter alia*, defamation stemming from the television show *Power*, an after-show called *Power Confidential*, and a spin-off show called *Power Book II* (collectively, the "*Power* Series"). SAC, ECF No. 72. On November 29, 2022, Defendants filed their answer to the second amended complaint ("SAC"). Answer, ECF No. 77. Defendants' answer includes four affirmative defenses, including that "Plaintiff's claims for defamation are barred because [he] is 'libel proof' and any allegedly defamatory statements would do nominal harm, if any harm at all, to his reputation." *Id.* at 34.[1]

       On February 2, 2023, Plaintiff filed a submission styled as a motion for sanctions (the "Motion"). Motion, ECF No. 100. Plaintiff requests that the Court "bar[]" Defendants "from using [P]laintiff['s] life in the past as a drug dealer as a[n] affirmative defense in this case, if one of the named defendants is [s]eeking relief in another case for defamation, but he himself is a[n] admitted former [d]rug [d]ealer." *Id.* at 2–3. Plaintiff argues that because Defendant Jackson is involved in a lawsuit against a website called "The Shade Room" for defamation and is a "former [d]rug [d]ealer," Defendants should not be permitted to use "[P]laintiff['s] life as a [r]eal [d]rug [d]ealer" as an "affirmative defense." *Id.* at 3 (quotation marks omitted).[2] Plaintiff also asks that Defendant Jackson "be sanctioned and force[d] to pay . . . [P]laintiff for wasting his and this [C]ourt[']s time." *Id.* Defendants oppose the Motion and request that the Court "require Plaintiff to obtain Court approval before filing any future non-dispositive motions." Def. Opp. at 3. For the reasons below, the Motion is DENIED, and Defendants' request is DENIED.

       When a party appears *pro se*, a court must construe their submissions liberally and interpret them to raise the strongest arguments that they suggest. *Triestman v. Fed. Bureau Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). The Court liberally construes the Motion as including: (1) a motion to strike Defendants' affirmative defense that Plaintiff is "libel proof"; (2) a request for judicial estoppel; and (3) a motion *in limine*. Motion at 2–3; *see also* Answer at 34.

---

[1] Plaintiff alleges he has suffered "severe damage to his reputation" because the *Power* Series depicts him as a murderer. SAC at 6, 12. Plaintiff claims that he was a drug kingpin. *See, e.g.*, *id.* at 20.
[2] The lawsuit in question is *Jackson v. Kogan*, No. 22 Civ. 22972 (S.D. Fla. 2023). Def. Opp. at 2, ECF No. 101.

First, under Federal Rule of Civil Procedure 12, the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are generally "disfavored and granted only if there is strong reason to do so." *Kornea v. Miller*, No. 22 Civ. 4454, 2022 WL 18859508, at *4 (S.D.N.Y. Nov. 21, 2022), *report and recommendation adopted*, 2023 WL 2182324 (S.D.N.Y. Feb. 23, 2023) (citation omitted). A movant under Rule 12(f) must show that: (1) "no evidence in support of the allegations would be admissible"; (2) "that the allegations have no bearing on the issues in the case"; and (3) "that to permit the allegations to stand would result in prejudice to the movant." *Id.* (citation omitted). Plaintiff's motion to strike, submitted over two months after Defendants filed their answer, is untimely. Fed. R. Civ. P. 12(f)(2). Even if it were not, Plaintiff has also failed to make the requisite showing to warrant striking Defendants' affirmative defense. Accordingly, Plaintiff's motion to strike is DENIED.

Second, the doctrine of judicial estoppel requires a movant to show: (1) "that the party against whom estoppel is asserted took an inconsistent position in a prior proceeding" and (2) "that that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment." *Julian v. Met. Life Ins. Co.*, No. 17 Civ. 957, 2021 WL 1226749, at *3 (S.D.N.Y. Mar. 31, 2021). For judicial estoppel to apply, "there must be a true inconsistency between the statements in the two proceedings." *Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*, No. 13 Civ. 2747, 2014 WL 4061157, at *5 (S.D.N.Y. July 11, 2014), *report and recommendation adopted*, 2014 WL 3974584 (S.D.N.Y. Aug. 13, 2014) (quotation marks and citation omitted). "Application of the doctrine should be limited to situations where the risk of inconsistent results with its impact on judicial integrity is certain." *Id.* (cleaned up). The doctrine is "a discretionary remedy." *Id.* Defendants argue that "[t]he complete absence of a factual relationship between [Defendant Jackson's lawsuit against The Shade Room] and the instant suit entirely precludes Plaintiff's assertion of estoppel." Def. Opp. at 5–6. Defendants also state that "Plaintiff has not . . . identif[ied] any judicial position adopted by the Court in [the other lawsuit] that is somehow inconsistent with Defendant Jackson's position in this case." *Id.* at 6. The Court agrees with Defendants and finds that the doctrine of judicial estoppel does not apply here. Accordingly, Plaintiff's motion for judicial estoppel is DENIED.

Third, "[t]he purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015) (citation omitted). A trial date has not been set in this matter, as the parties continue with discovery and motion practice. Accordingly, Plaintiff's motion *in limine* is DENIED as premature.

Plaintiff also moves for sanctions against Defendant. Motion at 3. Under Rule 11, a court can impose sanctions for specific conduct. Fed. R. Civ. P. 11. "The central purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of the federal courts." *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 307 (S.D.N.Y. 2005) (cleaned up). "When determining whether a Rule 11 violation has occurred, the court should use an objective standard of reasonableness." *Id.* Plaintiff does not provide any facts to support his conclusion that Defendant Jackson has "wast[ed] his and this [C]ourt[']s time" such that sanctions are appropriate. Motion at 3. Accordingly, Plaintiff's motion for sanctions is DENIED.

In their opposition papers, Defendants request that "Plaintiff . . . be required to submit to the Court a short summary of the legal and factual basis for any future non-dispositive motion before filing." Def. Opp. at 8. Defendants argue that, "[e]ven under a liberal *pro se* standard, Plaintiff's behavior in this case runs afoul of . . . Rule . . . 11[.]" *Id.* at 7. Defendants state that "Plaintiff filed th[e] Motion absent *any* basis in existing law and has made no effort to argue for the modification of existing law in order to support his contentions," and that, in filing the Motion, Plaintiff "needlessly increased the cost of litigation for Defendants, and wasted limited judicial resources." *Id.* (citation omitted). The Court does not find that Defendants' request would serve the interests of justice or judicial economy. The Court cautions Plaintiff that, although the Court must construe a *pro se* litigant's submissions liberally, the Court "should not excuse frivolous or vexatious filings by *pro se* litigants . . . and that *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (cleaned up). Accordingly, Defendants' request is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 100 and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: April 12, 2023
New York, New York

ANALISA TORRES
United States District Judge