USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/13/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CORY DARNELL HOLLAND, SR.　　　　　　:
*aka* "KING",　　　　　　　　　　　　　　:　　**ORDER**
　　　　　　Plaintiff,　　　　　　　　　　:
　　-v-　　　　　　　　　　　　　　　　　:　　21-CV-2944 (AT) (JLC)
　　　　　　　　　　　　　　　　　　　　　:
LIONS GATE ENTERTAINMENT　　　　　　:
AND FILMS, *et al.*,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendants.　　　　　　　　　:
----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

　　Plaintiff filed a motion to compel certain discovery with an accompanying declaration on April 5, 2023 (Dkt. Nos. 104, 105). He seeks discovery "to continue to show a pattern of plagiarism from Defendant Kemp." Dkt. No. 104. Defendants filed a memorandum of law and a declaration in opposition to the motion on April 12, 2023 (Dkt. Nos. 108, 109).

　　It is well-established that a motion to compel is "left to the court's sound discretion." *Mirra v. Jordan*, No. 13-CV-5519 (AT) (KNF), 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) (citing *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999)). Moreover, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Group, Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018) (alteration in original) (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012)).

For the following reasons, plaintiff's motion is denied. <u>First</u>, plaintiff failed to follow my individual rules to meet and confer with defendants before filing his motion. He did not indicate that he had done so in his motion papers, and defendants confirm that he did not in their opposition papers. <u>Second</u>, as defendants point out, plaintiff failed to comply with Local Rule 37.1, which requires plaintiff to specify each discovery request that he is moving on, defendants' response to the request, and the grounds as to why plaintiff is entitled to additional documents as to that request. While the Court is mindful that plaintiff is proceeding *pro se*, he is still required to comply with the Court's rules. *See, e.g., Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (*Pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

<u>Finally</u>, even if the Court were to consider the merits of the motion, it still fails. Plaintiff is seeking discovery related to "plagiarism" when there is no claim of plagiarism in this case. The remaining claim in this case is one for defamation, not plagiarism. Discovery is only relevant to claims and defenses. As this Court has stated:

> The scope of discovery is set forth in Rule 26 of the Federal Rules of Civil Procedure. The Rule has been amended over time to strike "the proper balance between the need for evidence, and the avoidance of undue burden and expense." *O'Garra v. Northwell Health*, No. 16-CV-2191 (DRH) (AYS), 2018 WL 502656, at *1 (E.D.N.Y. Jan. 22, 2018) (citation omitted). As of the most recent amendments in 2015, the scope of discovery is now defined to consist of information that is relevant to the parties' "claims and defenses." *Id*. at 2. No longer is discovery permitted on "any matter relevant to the subject matter involved in the action," as used to be the case. *Id*. Moreover, and

2

significantly, permissible discovery under the current Rule 26 must also be "proportional to the needs of the case." *Id.* As one judge has observed, "[p]roportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Vaigasi v. Solow Management Group*, No. 11-CV-5088 (RMB) (HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (citation omitted).

*Kaye v. New York City Health & Hosps. Corp.*, No. 18-CV-12137 (JPC) (JLC), 2020 WL 7237901, at *4 (S.D.N.Y. Dec. 9, 2020). The discovery that plaintiff seeks is not related to his remaining defamation claim in this case and so his motion lacks merit.

The Clerk is respectfully directed to close Docket No. 104 and mark it as "denied."

**SO ORDERED.**

Dated: April 13, 2023
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge