UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/2025
```

CORY DARNELL HOLLAND, SR.,

        Plaintiff,

-against-

LIONS GATE ENTERTAINMENT AND FILMS, CURTIS JACKSON, STARZ, INC., and COURTNEY A. KEMP,

        Defendants.

21 Civ. 2944 (AT) (JLC)

CORY DARNELL HOLLAND, SR.,

        Plaintiff,

-against-

CURTIS "50 CENT" JACKSON,

        Defendant.

23 Civ. 2119 (AT) (JLC)

CORY DARNELL HOLLAND, SR.,

        Plaintiff,

-against-

Lions Gate Ent Corp
STARZ Ent Group, LLC,

        Defendants.

23 Civ. 2350 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Cory Darnell Holland, Sr., brought three actions against Defendants, Lions Gate Entertainment Corporation, Curtis J. Jackson III a/k/a 50 Cent, Starz Entertainment Group, LLC, and Courtney A. Kemp, alleging defamation, assault, and other related claims. Second Am. Compl., ECF No. 72 in No. 21 Civ. 2944 (*Holland I*); Compl., ECF No. 1 in No. 23 Civ. 2119 (*Holland II*); Am. Compl., ECF No. 24 in 23 Civ. 2350 (*Holland III*). On May 2, 2024, the Honorable James L. Cott issued a Report and Recommendation (the "R&R"), which recommended that: (1) in *Holland I*, Defendants' motion for summary judgment be granted and Holland's motion for a second sur-reply and for a preliminary injunction be denied as moot; (2) in *Holland II*, Defendant's motion to dismiss be granted; and (3) in *Holland III*, Defendants' motion for judgment on the pleadings be granted. R&R at 2, *Holland I*, ECF No. 185. By order

dated August 1, 2024 (the "Order"), the Court adopted the R&R in full over Holland's objections. Order at 6, ECF No. 195.[1]

Holland now moves for reconsideration, asserting that newly discovered evidence would affect the outcome of these actions. ECF No. 197; Pl. Mem. at 1, ECF No. 198. He also asks the Court to stay his case and to extend his deadline to file an appeal. Pl. Mem. at 1. For the following reasons, the Court DENIES Holland's motion.

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly . . . .'" *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Reconsideration should be granted "only when the [party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced[.]'" *Mikhaylova v. Bloomingdale's Inc.*, No. 19 Civ. 8927, 2023 WL 2237541, at *1 (S.D.N.Y. Feb. 27, 2023) (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

Holland asks the Court to reconsider its Order on two grounds.[2] First, he asserts that he recently received evidence that law enforcement intentionally withheld, and second, he claims that federal investigations he was previously unaware of "[a]ffect[] all the cases at issue." Pl. Mem. at 1. In his scattered brief, Holland references alleged investigations by a coalition of states and the Office of the Inspector General. Pl. Mem. at 10–12; *see also* ECF No. 202 at 5. It is unclear what these investigations are or how they would affect the Court's Order. For that reason, Holland's motion for reconsideration is DENIED. The Court also DENIES Holland's request for an extension of time to appeal because he has not made the showing of "excusable neglect or good cause" required under Federal Rule of Appellate Procedure 4(a)(5)(A)(ii).[3]

Nothing herein shall be construed to prohibit Holland from filing an appeal of the Order (or this order). However, the Court certifies under 28 U.S.C. § 1915(a)(3) that any such appeal

---

[1] Unless otherwise noted, citations are to the docket in *Holland I*.

[2] The Court presumes familiarity with the facts and procedural history of this action as detailed in the R&R. *See* R&R at 4–16.

[3] Defendants also request that the Court enjoin Holland from filing new motions without first seeking leave to do so. ECF No. 200 at 410–11. "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (cleaned up). On the current record, the Court declines to do so. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including litigants proceeding *pro se*, to make a reasonable inquiry that legal contentions brought before the court are warranted and to certify that a pleading is not presented for harassment or an improper purpose.

would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: January 29, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge